# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

ROBERT HEARD,

    Plaintiff,

VS.

Deputy Warden ALLEN, *et al*.,

    Defendants.

1 : 09-CV-119 (WLS)

## ORDER AND RECOMMENDATION

The Plaintiff filed this action in July 2009, challenging various conditions of his confinement at Autry State Prison and seeking to proceed *in forma pauperis*. (Doc. 3). Plaintiff was housed at Autry State Prison between April and August 2009, at which time Plaintiff was transferred to Central State Prison. Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior prison lawsuits or appeals were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. Although he has accumulated at least three strikes under the Prison Litigation Reform Act, Plaintiff filed this action seeking to proceed under 28 U.S.C. § 1915(g), an exception to the three strikes rule which allows an inmate to proceed *in forma pauperis* if he alleges that he is in "imminent danger of serious injury". 28 U.S.C. § 1915(g). Upon initial review of the Plaintiff's complaint, the Court found that although the Plaintiff has accumulated more than three strikes, Plaintiff alleged that he is in imminent danger of physical injury in regard to the denial of medical care for his various physical and mental conditions. (Doc. 10, p.3). Plaintiff's request to proceed *in forma pauperis* was granted

as to Plaintiff's denial of medical care claim only, and service was ordered on Deputy Warden Allen, Medical Director Hutto, and P.A. Butler. (Docs. 10, 16).

*Plaintiff's Motion to Amend*

Plaintiff filed a Motion to Amend his complaint on October 15, 2009, seeking to add claims pertaining to the conditions of confinement at Autry State Prison, including overcrowding, unsanitary living conditions, threats of harm from violent inmates, and lack of adequate medical care. In his Motion to Amend, Plaintiff also seeks to add claims for compensatory and punitive damages. (Doc. 20).

Pursuant to the version of Rule 15(a) of the Federal Rules of Civil Procedure which was in effect when the Plaintiff filed his complaint and filed his motion to amend, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served".[1] Inasmuch as responsive pleadings were not filed prior to the court's receipt of the Plaintiff's motion, the court has no discretion to deny said motion to amend. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *Jemison v. Wise*, 2010 WL 2929692, p.3 (11th Cir.). Accordingly, said motion is hereby **GRANTED**. (Doc. 20).

*Motion to Dismiss*

The Defendants have filed a Motion to Dismiss, alleging that the Plaintiff has failed to exhaust his administrative remedies regarding the claims underlying Plaintiff's original and

---

[1]The Court is applying the version of Rule 15(a) which was in effect when Plaintiff filed his motion to amend on October 14, 2009. Rule 15 was amended effective December 1, 2009, and by order of the Supreme Court dated March 26, 2009, the December 1, 2009, amendments "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Application of the current version of Rule 15 is not just and practicable herein, as Plaintiff clearly relies on the prior version in arguing to have his complaint amended. The Court notes that application of the current version of Rule 15 would not yield a different result, i.e., the court would still find that the Plaintiff was entitled to amend his complaint once as of right under the current version of Rule 15.

amended complaints.[2] (Doc. 27). A motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical

---

[2]In their Motion to Dismiss, the Defendants acknowledge Plaintiff's right to amend his complaint once prior to the filing of responsive pleadings and the Defendants address the claims in Plaintiff's amended complaint as well as those in his original complaint. (Doc. 27-1, pp. 3-4) Therefore the Court will consider Defendants' motion as one seeking the dismissal of both Plaintiff's original and amended complaints.

3

procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in the Defendants' motion to dismiss and the Plaintiff's response reveals a conflict. Plaintiff maintains that he requested but was denied grievance forms by officials at Autry State Prison. The Defendants contend that Plaintiff never initiated the grievance process regarding any issues during his confinement at Autry State Prison, and therefore did not initiate or complete the grievance process regarding the claims underlying this lawsuit. (Doc. 27-5, Nobles affidavit, ¶ 26). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal at this point. The Court must now make specific findings in order to resolve the disputed factual issues.

The Defendants have submitted substantial evidence in support of their assertion that the Plaintiff failed to exhaust available administrative remedies regarding the claims in this lawsuit. Defendants' evidence includes affidavits from prison officials, log sheets from Autry State Prison for the time period in question, portions of the Standard Operating Procedures for the

Georgia Department of Corrections, and portions of the Plaintiff's criminal records. Defendants' evidence shows that the Plaintiff was housed at Autry State Prison (hereinafter "ASP") between April and August 2009, and that he was housed in isolation and segregation units while confined at ASP. (Doc. 27-5, Nobles Affidavit, Exh. B.; Doc. 27-9, Spann Affidavit, ¶ 8). Affidavit testimony from James Spann, counselor at ASP, and Robert McCaskill, a mental health counselor at ASP, establishes that during his incarceration at ASP the Plaintiff did not request a grievance form from these individuals, who testify to having had regular access to and contact with the Plaintiff during his incarceration at ASP. (Doc. 27-9, Spann Affidavit, ¶¶ 7-11; Doc. 40-1, Nobles Affidavit, ¶ 12; Doc. 40-2, McCaskill Affidavit, ¶¶ 11, 14, 17-26). These counselors and Grievance Coordinator Benji Nobles further testify that grievance forms were available from the counselors and would have been provided to the Plaintiff upon request. *Id.* The Defendants point out, by means of Grievance Coordinator Nobles' affidavit, that more than 450 grievances were filed at Autry State Prison between April 7, 2009 to July 27, 2009, evidencing availability and utilization of grievance forms by other inmates. (Doc. 27-5, Nobles affidavit, ¶ 25). Additionally, the Defendants show, by means of the affidavit of Mizell Davis, Grievance Coordinator at Central State Prison, that the Plaintiff did not file a grievance regarding his complaints against Autry officials after Plaintiff was transferred to Central State Prison in August 2009. (Doc. 27-4, Davis Affidavit, ¶ 8).

    Plaintiff has filed multiple statements herein alleging that officials at Autry State Prison refused to provide him with grievance forms. Plaintiff appears to admit that he did not file any grievances regarding the claims underlying his original and amended complaints and further claims that exhaustion is not required herein. The Court notes that none of the statements submitted by the Plaintiff are sworn or signed under penalty of perjury. (Docs. 38, 39, 41).

Plaintiff alleges that he never received an orientation or handbook regarding grievance procedures at Autry State Prison. (Doc. 38, p. 1-2), and further alleges that Defendants' statement that James Spann was Plaintiff's counselor at Autry State Prison is erroneous. (*Id.* at p.2). Plaintiff denies personally knowing any counselor by the name of James Spann. *Id.*

The Court finds that the Defendants have established the Plaintiff's failure to exhaust available administrative remedies and that the Plaintiff has failed to come forth with competent evidence to the contrary. The Court notes initially that "[t]he PLRA does not excuse exhaustion for prisoners under imminent danger of serious physical injury." *Williams v. Rich*, 2006 WL 2534417 (S.D.Ga.)(quoting *Arbuckle v. Bouchard*, 92 Fed.Appx. 289, 291 (6th Cir. 2004)). To the extent that the Plaintiff argues that administrative remedies were unavailable to him by virtue of officials' alleged failure to provide him with grievance forms, the Court notes that remedies will be deemed "available" under the PLRA whenever "there is the possibility of at least some kind of relief." *Johnson v. Meadows*, 418 F.3d 1152, 1155-56 (11th Cir. 2005). The Georgia Department of Corrections grievance process was clearly in place at Autry State Prison and Central State Prison during the Plaintiff's incarcerations, and this grievance process provides that "[n]o inmate shall be denied access to this procedure". Georgia Dep't. of Corrections S.O.P. IIB05-0001 § VI (A)(7). Defendants have submitted sworn testimony that grievance forms were available from counselors for inmates housed in isolation or segregation at ASP, such as the Plaintiff, and both Counselor Spann and Counselor McCaskill testify that Plaintiff had regular access and interaction with them as counselors at ASP. (Doc. 27-5, Nobles Affidavit; Doc 27-9, Spann Affidavit; Doc. 40-2, McCaskill Affidavit). Spann and McCaskill testify that they regularly carried grievance forms with them during their daily rounds of their assigned prison areas and that Plaintiff never requested a grievance form from them. *Id.*

6

Moreover, in order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable). Herein, there is no indication, beyond Plaintiff's unsupported and unsworn assertions, that Plaintiff's access to the grievance processes was prohibited by prison officials, by means of threat or otherwise.

Accordingly, inasmuch as the Defendants have established that the Plaintiff has failed to exhaust available administrative remedies and the Plaintiff has failed to establish that remedies were unavailable, it is the recommendation of the undersigned that Defendants' Motion to Dismiss Plaintiff's original and amended complaints be **GRANTED**.

*Miscellaneous motions*

Plaintiff's various "motions" to oppose and to strike the motions and responses filed by the Defendants are noted, but **DENIED** as moot. Said "motions" present no issues that require Court resolution independent of that already set forth herein. (Docs. 35, 36, 38, 39). Plaintiff's Motion to Exceed the page limitations in responding to the Defendants' Motion to Dismiss is hereby **GRANTED**. (Doc. 37). Plaintiff's motion seeking a hearing in this matter has been fully considered but is **DENIED**. (Doc. 45). Defendants' motion seeking review of the Plaintiff's amended complaint under § 1915(g) and Defendants' Motion to Strike Plaintiff's sur-reply brief as redundant, immaterial and impertinent are **DENIED** as moot. (Doc. 29, 42).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO ORDERED and RECOMMENDED**, this 12th day of August, 2010.

S/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb