IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ROBERT HEARD,  :
:
    Plaintiff,  :
:
v.  :    CASE NO.: 1:09-CV-119 (WLS)
:
DEPUTY WARDEN ALLEN, *et al*.  :
:
    Defendants.  :
_____ :

## ORDER

    Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed August 12, 2010. (Doc. 48). It is recommended that Plaintiff's *pro se* civil rights complaint under 42 U.S.C. § 1983 be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. (Id. at 2). The Recommendation states that Plaintiff's Complaint (Doc. 2) contends that Prison officials wrongfully denied Plaintiff medical care and subsequently refused to provide him with grievance forms. The Recommendation does not address Defendant's other grounds for dismissal, but finds that, after an examination of the record, Plaintiff did not follow proper administrative procedure prior to filing this lawsuit in federal court.

    Plaintiff timely filed an Objection to the R&R (Doc. 50) and Defendants filed a Response (Doc. 51), to which Plaintiff filed a Reply (Doc. 52). For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 50) are **OVERRULED**. The Court **ADOPTS** United States Magistrate Judge Langstaff's August 12, 2010 Report and Recommendation recommending that the Court grant Defendant's Motion to Dismiss (Doc. 27). The R&R (Doc.48) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the

1

findings made and reasons stated therein together with the reasons stated and conclusions reached herein.

## BACKGROUND

Plaintiff filed this action on July 29, 2009. (Doc. 3). Plaintiff also filed Motions to Appoint Counsel, to Proceed in Forma Pauperis, to Expedite Injunctive Relief, to Clarify this Court's Order referring the case to the Magistrate Judge, to Protect Witnesses, and for Arrest Warrant and Contempt of Court. (Doc. 4, 5, 6, 7, 8, 9). This Court granted-in-part and denied-in-part Plaintiff's Motion for Leave to Proceed in Forma Pauperis on August 28, 2009, and the Complaint was dismissed as to Defendants Tindall and Williams. (Doc. 10). Id.

On September 23, 2009, Plaintiff filed a Motion for Reconsideration of the Court's Order denying-in-part Plaintiff leave to proceed in Forma Pauperis against the dismissed Defendants. (Doc. 17). This Court denied Plaintiff's Motion for Reconsideration on October 9, 2009. (Doc. 18). Plaintiff moved to amend his Complaint on October 15, 2009. (Doc. 20). On November 10, 2009, Defendants filed a Pre-Answer Motion to Dismiss. (Doc. 27). On November 10, 2009, Defendants also filed a Motion to Stay Proceedings and a Motion requesting 28 U.S.C. § 1915(g) Review of Plaintiff's Motion to Amend his Complaint. (Doc. 28, 29). On November 16, 2009, United States Magistrate Judge Claude W. Hicks granted Defendants' Motion to Stay (Doc. 28). (Doc. 34).

On December 2, 2009, Plaintiff filed Motions to Oppose Defendant's Motion of Review of Amended Complaint, to Oppose Defendant's Motion to Dismiss and File Counter Motion to Dismiss and Withdraw Motion, and to Oppose Defendants' Motion to Dismiss. (Doc. 35, 37, 38, 39). On December 18, 2009, Defendants filed a Reply to Plaintiff's Responses. (Doc. 40). Plaintiff filed a Reply to Defendants' Response on December 30, 2009. (Doc. 41). On January

13, 2010, Defendants filed a Motion to Strike Plaintiff's Sur-Reply. (Doc. 42). On January 22, 2010, Plaintiff filed a Response to Defendants' Motion to Strike. (Doc. 43).

On August 12, 2010, United States Magistrate Judge Thomas Q. Langstaff issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's Motion to Dismiss (Doc. 27). (Doc. 48). Judge Langstaff also denied Plaintiff's other outstanding Motions (Doc. 29, 35, 36, 37, 38, 39, 42, 45), but granted Plaintiff's Motion to amend his Complaint (Doc. 20). (Doc. 49). On August 19, 2010, Plaintiff filed an objection to the R&R. (Doc. 50). Defendants filed a response to Plaintiff's Objection on August 26, 2010. (Doc. 51). On September 2, 2010, Plaintiff filed a Reply to Defendant's Response to his Objection to the R&R. (Doc. 52).

## DISCUSSION

Plaintiff is currently incarcerated in Johnson State Prison in Wrightsville, Georgia. (Doc. 47). Prior to his transfer, Plaintiff was an inmate housed in Autry State Prison in Pelham, Georgia where the alleged injury occurred. (Doc. 3). Plaintiff alleges Defendants, which include the former Warden, Officers and medical professionals of Autry State Prison, violated his civil rights under 42 U.S.C. § 1983 principally by refusing to provide him necessary and critical medical care and committed a continuing injury by refusing to provide him with an administrative grievance form.

In his Complaint, Plaintiff stated that he was under a threat of "imminent danger of physical injury." (Doc. 3 at 12). Plaintiff alleges that the immediate threat arose from the Prison's failure to provide him medical care for his various mental and physical conditions. Id. However, Plaintiff states that the threat continued as a result of Defendants' failure to provide him with a grievance form, despite various requests. Id. In response, Defendants argue various

3

grounds for the dismissal of Plaintiff's action. Notably, Defendants argue that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). (Doc. 27). Upon review of the record, the Court agrees with Judge Langstaff and Defendants and finds that Plaintiff failed to exhaust his administrative remedies. As a result, the Court's analysis is limited to the issue of exhaustion.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e(a) requires "proper exhaustion of administrative remedies," and a prisoner cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387-93 (2006).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, (2002). The law is clear, exhaustion of administrative remedies is a precondition to the filing of a § 1983 suit in federal district court. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir.2001) (*per curiam*).

Under the PLRA, "exhaustion is mandatory" and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Courts "have no discretion to waive this exhaustion requirement," and thus "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim." Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008) (citing Alexander v. Hawk, 159 F.3d 1321, 1325-

26 (11th Cir. 1998) and quoting Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005)). Additionally, "prisoners must 'properly take each step within the administrative process,'" from filing an initial grievance to appealing the denial thereof. Id. (quoting Johnson, 418 F.3d at 1158).

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Id. A court must first "look[] to the factual allegations in the Defendant's motion to dismiss and those in the Plaintiff's response, and if they conflict, take[] the plaintiff's version of the facts as true." Id. "If the complaint is not subject to dismissal at the first step, where the Plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

In his R&R, Judge Langstaff properly applied step one of the two-step process described in Turner. Judge Langstaff found, as set forth in Plaintiff's pleadings, that Plaintiff failed to initiate the grievance process. (Doc. 3, 27, 48, 50). Plaintiff states that he was denied a grievance form. (Doc. 3, 50). Defendants dispute Plaintiff's statement and provide the affidavits of several Prison officials in support of their contention of facts, including the affidavit of Benjie Nobles Chief Counselor/Grievance Coordinator for the Georgia Department of Corrections. (Doc. 27-6). In fact, affidavits provided by Defendants affixed to their Motion to Dismiss (Doc. 27) state that Plaintiff never even requested a grievance form. Id. The Court finds the Defendant's affidavits stating that Plaintiff was not denied access to grievance forms at Autry

5

State Prison are credible. Plaintiff did not provide any sworn evidence to rebut Defendants' claims.

The Court is aware that, in its most basic form, "[a] remedy has to be available before it must be exhausted." Turner v. Burnside, 541 F.3d 1077, 1084 (11th Cir. 2008) (holding that and that "[r]emedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available"). In determining whether a prisoner exhausted his administrative remedies, a district court need not evaluate the effectiveness of the remedy, but whether a remedy was available. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). Exhaustion requires that "when a state provides a grievance procedure for its prisoners ... an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000).

In this case the remedy was available to Plaintiff, the Prison grievance procedure. In its analysis, the Court considered whether Plaintiff had an "available" remedy to exhaust prior to initiating the instant action. In its review, it is appropriate for a court to look at matters outside of the pleadings in this context because "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits," and thus "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1374, 1376 (footnote omitted). In light of the factual dispute between the parties, the Court did consider that during the pendency of this litigation (a little over one year) Plaintiff has been transferred three times.

On September 2, 2009, Plaintiff indicated to the Court he was transferred from Autry State Prison, Pelham, Georgia to Central State Prison, Macon, Georgia. (Doc. 12). On April 7, 2010, Plaintiff indicated to the Court he was transferred from Central State Prison, Macon, Georgia to Rutledge State Prison, Columbus, Georgia. (Doc. 44). On June 30, 2010, Plaintiff indicated to the Court he was transferred from Rutledge State Prison, Columbus, Georgia to Johnson State Prison, Wrightsville, Georgia. (Doc. 47). As Plaintiff discussed in his pleadings, Plaintiff has been transferred out of the alleged offending Prison. (Doc. 3). The Georgia Department of Corrections has an established inmate grievance procedure, which Plaintiff failed to follow, at each of these locations. Plaintiff has not stated that he attempted to initiate the standard grievance procedure at any other location than Autry State Prison in Pelham, Georgia.

Construing the Plaintiff's Complaint in a light most favorable to Plaintiff and taking the Plaintiff's contentions as true, it is clear that Plaintiff has neither attempted to exhaust his administrative remedies nor even begun to avail himself of the established grievance procedures. Even if Defendants refused to aid Plaintiff in his grievance request after denying him medical care, Plaintiff was required under the law to initiate a grievance against Autry State Prison Officials and Defendants as an out-of-time grievance. See Miller v. Pryor, 315 Fed. Appx. 149 (11th Cir. 2008)(quoting Bryant and finding that Georgia prisoners "must file out-of-time grievances to exhaust administrative remedies.")

Plaintiff is no stranger to the Prison grievance procedure, and should be well aware that he cannot forego standard operating procedure and birth this action in federal court. See Doc. 1 at pg. 3 (detailing Plaintiff's prior federal lawsuits, including three actions in the Middle District of Georgia that were "dismissed on the ground that it was frivolous, malicious, or failed to state a claim."); see also Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008). Plaintiff did not exhaust his

administrative remedies before filing his 42 U.S.C. § 1983 suit, as required by 42 U.S.C. § 1997e(a).

It is not necessary to consider Step Two of the required analysis for exhaustion of administrative remedies. No further specific factual findings are needed to determine whether or not Plaintiff exhausted his administrative remedies and Defendant's Motion to Dismiss can be resolved.

## CONCLUSION

The Court finds that Plaintiff's Objection (Doc. 50) fails to rebut the legally sound recommendation of Judge Langstaff. For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 50) are **OVERRULED** and United States Magistrate Judge Langstaff's August 12, 2010 Report and Recommendation (Doc. 48) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's *pro se* civil rights complaint under 42 U.S.C. § 1983 is **DISMISSED** based on Plaintiff's failure to exhaust his administrative remedies before filing his 42 U.S.C. § 1983 suit, as required by 42 U.S.C. § 1997e(a). Defendant's Motion to Dismiss (Doc. 27) is **GRANTED**

**SO ORDERED**, this 24th day of September, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**